UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER NEAMAN,

    Plaintiff,

    v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,

    Defendant.

CASE NO. C24-5176 BHS

ORDER

THIS MATTER is before the Court on defendants David Arcuri, Terra Ambrose, Elisa Sahore, Washington State Department of Corrections (DOC), and David Hatch's substantially similar motions for leave to amend their answers, Dkts. 18, 20, and 22, respectively.

Plaintiff Christopher Neaman alleges that he was convicted of possession with intent to distribute drugs and, on December 11, 2020, was sentenced to 12 months of community custody. Dkt. 1-2 at 5. On December 7, 2021, Neaman admitted to a community corrections officer that he had used methamphetamine two days earlier. DOC created a notice of violation, but did not file it until December 14, 2021—three days after

ORDER - 1

his term of custody expired. Based on the violation, the Pacific County Superior Court extended his custody by six months. *Id*. at 6. Neaman again violated the terms of his extended custody and his term was extended again, and then again for the same reason. *Id*. He contends that in April 2022, he was ultimately sentenced to 60 months in prison, even though the Court did not have jurisdiction over him because the initial violation was imposed after his term of custody had expired. Neaman appealed the sentence and won. *Id*.

He sued these defendants and others, asserting 42 U.S.C. § 1983, false imprisonment, and legal malpractice claims. The defendants now seek to amend their answers and affirmative defenses to identify the "empty chair" non-parties they contend were potentially "at fault" in the case, including Pacific County Superior Court, the Pacific County prosecuting attorney, and Neaman's appellate attorneys, Eric Neilson, Jennifer Winkler, and Neilson Koch & Grannis PLLC. *See* Dkt. 19 at 19.

Leave to amend a pleading under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). This policy is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the [party] has previously amended the [pleading]." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Cap.*, 316 F.3d at 1052.

ORDER - 2

1    A proposed amendment is futile "if no set of facts can be proved under the
2    amendment to the pleadings that would constitute a valid and sufficient claim or
3    defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847 RJB, 2012 WL 1605221, at *2
4    (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393
5    (9th Cir. 1997)).

6    Neaman opposes the motions. He argues the amended affirmative defenses are
7    futile because they do not apply to the legal malpractice defendants (Neaman's own
8    defense attorneys) and because the Pacific County Superior Court is immune from suit.
9    He does not assert that the affirmative defense would be futile as to his appellate counsel.

10   Neaman also asserts that the amendment was unduly delayed, even though it is
11   within the Court's schedule. Dkt. 25 at 2–5. He also asserts that he will be prejudiced by
12   the amendment because it is now too late for him to amend his complaint to assert a tort
13   claim against the Pacific County prosecutor or other claims against the other "empty
14   chairs." *Id*. at 6–10.

15   The Court does not agree that these arguments warrant denying the motion.
16   Neaman can attack the amended pleadings in a separate motion, and he can seek to
17   amend his complaint if he wants to assert claims against the "empty chairs." There is no
18   prejudice in the amendment, there is no undue delay, and the Court cannot conclude at
19   this juncture that the amendments would be futile. The motions are **GRANTED**, and the
20   defendants shall promptly file their amended answers.

21   **IT IS SO ORDERED**.

22

//

Dated this 16th day of August, 2024.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge